Petition of **BOEING AIRPLANE COMPANY**.

Misc. No. 31–59.

United States District Court
District of Columbia.
April 9, 1959.

John S. Nolan, Washington, D. C., for petitioner.

Harland F. Leathers, Dept. of Justice, Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This is an unusual proceeding. The petition before the Court is entitled, "A Motion to Vacate and Set Aside Judgment". It states that it is based on newly discovered evidence. Actually, however, the basis of the motion is not newly discovered evidence, in a technical sense, because the new facts are based on occurrences that took place after the original judgment or order was granted.

A motion based on newly discovered evidence may be predicated only on evidence which was in existence prior to the judgment sought to be set aside but which could not have been discovered by due diligence. The moving party, however, further relies on Rule 60(b)(5) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which authorizes the Court to relieve a party from a final judgment, order or proceeding if it is no longer equitable that the judgment should have prospective application. In other words, this provision of the rule permits the reopening of a judgment as a result of supervening events occurring after the judgment was rendered. The power, naturally, should be very cautiously and sparingly invoked by the Court and only in unusual and exceptional instances. It is claimed by the moving party that this is such an instance.

This proceeding arose in connection with a case pending in the Tax Court of the United States to review the determination of the Renegotiation Board which held that the petitioner, Boeing Airplane Company, should refund to the Government a certain amount of excess profits derived by it from Government contracts subject to renegotiation under the appropriate statute. On motion of the Boeing Airplane Company, a subpoena *duces tecum* was issued out of the Tax Court against the Chairman of the Renegotiation Board to require the production of certain documents. These documents are of two classes. One comprised reports procured by the Board from the Air Force concerning the performance of the contracts sought to be negotiated. The other category comprised documents prepared by subordinates of the Renegotiation Board.

The Board declined to comply with the subpoena on the ground of privilege and a proceeding was brought in this Court to compel compliance therewith. The matter came before another Judge of this Court, who granted the motion of the Government for summary judgment, thereby, in effect, upholding the claim of privilege. To be sure, the Government interposed certain other objections to the

subpoena of a more or less technical nature, but the substantive basis of its opposition is the privileged character of the documents.

An appeal was then taken to the United States Court of Appeals for this Circuit from the order granting the motion of the Government for summary judgment in the proceeding to enforce the subpoena. This appeal is now pending. During the pendency of the appeal, the present motion was filed.

The Court of Appeals, in Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349, 350, sustained the procedure that is being followed here and held that "when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this Court for a remand of the case in order that the District Court may grant the motion for new trial." The same procedure, obviously, is applicable to a motion made under Rule 60(b)(5).

■ Supervening events are claimed to have destroyed the privilege and, therefore, to justify an enforcement of this subpoena. The supervening events that are claimed to have this effect are to be found in the fact that, during the trial in the Tax Court, the Government called, as witnesses, certain officers and employees of the Air Force. It is claimed that these witnesses contributed information on which the Air Force reports were based. Even though the reports were not signed by the witnesses themselves, but were signed by some higher officer of the Air Force having authority to sign reports or similar documents in its behalf, the Court is of the opinion that this series of events has drastically and radically changed the situation and that no privilege may be asserted in respect to the reports in the present status of the case. It should be noted that there is no contention that any interest of national defense or foreign relations is involved but merely the interest of the Government in securing a refund of the alleged excessive profits. On the other hand, the Court is of the opinion that this series of events does not affect the character of the documents prepared by subordinate officers or employees or groups working under the Renegotiation Board.

The Court might say that it seems unfair that the Government should be in a position to assert and sustain a claim against someone on the basis of information and data which are not subject to disclosure to the person against whom the claim is asserted. By the same token, it seems unfair and unjust for the Government to fail to disclose evidence in its possession that might possibly constitute a defense to the claim.

The situation is entirely different when we deal with matters involving national defense or foreign relations or when we deal with investigative reports of law enforcement agencies or of the Police Department. Matters relating to the suppression of crime and investigative reports that might deal with matters of subversion are in an entirely different category. Moreover, investigative reports are not evidence because they frequently contain a great deal of hearsay without its being evaluated.

Here we are dealing, however, with matters that might have a bearing upon the defense of the claim that the Government asserts against the petitioner. It has been said that even in a criminal case the Government, if it chooses to refuse to disclose evidence in its possession that might be of help to the defendant, may be confronted with a choice of either dismissing the indictment or producing the evidence.[1] An analogous situation is presented here.

1. United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 640, certiorari denied 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688.

The Court is not impressed with the argument that other departments of Government would hesitate to present complete reports to the Renegotiation Board if they knew that such reports were to be available to the contractor. The Court is confident that no Government agency would withhold from the Board any evidence in its possession that would bear upon the merits of the claim merely because it was to be available to all interested parties unless, indeed, considerations of national defense or other similar considerations were involved.

Before concluding these remarks, it should be observed that, ordinarily, a motion, such as this, should be considered and determined by the Judge who heard the matter originally because only he has the right to grant a motion for a new trial or some similar application. In this instance, however, the Judge who orginally heard the matter specifically referred the present motion to the Motions Court instead of determining it himself. For that reason, it is properly before this Court.

The Court, it should be observed, is not expressing any opinion or giving any intimation as to whether the documents may be admissible in evidence. That must be determined, in the first instance, by the Tax Court in the proceeding before it. All that this Court is holding is that, so far as production of the papers in response to a subpoena is concerned, the privilege as to those portions of the files that consist of Air Force reports has been waived by supervening events. The cases relating to discovery of documents, such as Safeway Stores v. Reynolds [2] upon which Government counsel relies, are distinguishable. They deal with the discovery of documents by one party from the opposing party. Here, the documents in question were submitted by one of the parties to an administrative board clothed with quasi-judicial powers and it is sought, in connection with the review of the action of the Board, to have these documents produced in the reviewing court. It would be just as absurd to permit a Judge of a Trial Court to base his decision on documents that are not available to one of the parties and then to refuse to let those documents become a part of the record on appeal, as is the position taken in this instance.

Accordingly, the Court is of the opinion that the motion should be granted as it relates solely to reports of the Air Force concerning the contracts being negotiated and that the motion should be denied in respect to all the other documents.

You may submit an order accordingly.

---

2. 85 U.S.App.D.C. 194, 176 F.2d 476.