John ALEXANDER and Annie Alexander, Plaintiffs-Appellees,

v.

NASH-KELVINATOR CORPORATION, Appellant.

No. 337, Docket 25592.

United States Court of Appeals Second Circuit.

Argued June 9, 1959.

Decided Nov. 2, 1959.

On the first appeal we sustained the finding as to liability of defendant but because the findings with respect to damages were not sufficiently explicit, we vacated the judgment and remanded the case "for findings as to damages and the entry or re-entry of such appropriate judgment as may be justified by the facts and the law." Alexander v. Nash-Kelvinator Corp., 2 Cir., 261 F.2d 187, 191.

After remand a short hearing was had on January 17, 1959 at which counsel for defendant requested an opportunity to brief the question of damages. This request was denied without entry of a formal order, Judge Inch apparently accepting the argument advanced by counsel for plaintiffs that "this is a matter solely between your Honor and the Circuit Court of Appeals. They have asked you to give them certain things, to expound your findings. When that happens and your Honor enters or re-enters the judgment, that goes back to the Circuit Court of Appeals where Mr. Lamb can argue anything he pleases on the question of damages; * * *." In colloquy with counsel the Judge said: "And I am not making new findings; I am justifying the findings that I have already made."[1] New findings as to damages were filed on February 4 and 5, 1959 and judgment in the same amounts as before was ordered to be entered *nunc pro tunc* as of July 3, 1957, the date of the original entry of judgment.

The procedure adopted after remand resulted from a misinterpretation of this court's order on the first appeal. Counsel were denied any opportunity to present argument to the District Court before the new findings were made. Such opportunity should have been accorded; but we do not regard the error as fatally prejudicial since appellant has been able to argue to this court its claims that the findings are not supported by the evidence and that the awards are grossly excessive.

Arthur V. Lynch, New York City, for appellant, Sullivan & Cromwell and Purdy, Lamb & Catoggio, New York City, of counsel.

Pokorny, Schrenzel & Pokorny, Brooklyn, N. Y., for appellees, William A. Blank, Brooklyn, N. Y., of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

MOORE, Circuit Judge.

This is a second appeal in a personal injury action by husband and wife, tried to the court without a jury, in which Judge Inch awarded the wife $165,000 and the husband $47,000 as damages resulting from an automobile accident.

---

1. A transcript of the record of the hearing is included in the Supplemental Appendix.

The appellant contends also that the judgment should be reversed and a new trial ordered because the oral testimony upon which liability was rested is contrary to incontrovertible physical facts appearing of record. This contention may be disposed of summarily. The question of liability was settled by the first appeal. Although we are free to reopen it, we see no reason to do so. There is no new evidence and the same arguments were made and considered by the court on the first appeal.

In our former opinion we said that "a total award of $212,000 may well be excessive." From the colloquy at the hearing after remand, to which reference has already been made, as well as from the tenor of the findings and awards now before us on appeal, it is apparent that the effort of the District Judge was not so much to make findings consonant with the evidence to serve as basis for a just award as it was to make findings which would appear to support his original award which we have said "might well be excessive." With respect to the wife, the new findings described her injuries in most minute detail and then awarded damages which aggregated $280,000 for personal injuries and $55,000 for "pain, suffering, mental anguish, humiliation and inconvenience"—a total of $335,000.[2] The Judge then said that "Having in mind the composite injuries of the plaintiff, Annie Alexander," the sum of $335,000 was reduced to $145,000, and he "reduced the total indicated adequate awards for loss of earnings, diminution of future earnings, and medical expenses, from the sum of $34,645 to the sum of $20,000."[3] Thus the wife was awarded $165,00, the exact amount originally awarded her.

A similar result was obtained in the case of the husband. Awards for personal injuries, etc., aggregating $80,000 were reduced in "composite" to $32,500, and awards for loss of earnings, etc., were reduced from $18,932 to $12,500,

2. The items of damages awarded were as follows:

|  |  |  |
|---|---|---|
| (a) | Injuries to brain and nervous system | $ 75,000 |
| (b) | Pain and suffering past and future resulting therefrom | 10,000 |
| (c) | Comminuted fracture of right femur | 70,000 |
| (d) | Pain and suffering past and future resulting therefrom | 10,000 |
| (e) | Loss of right eye | 60,000 |
| (f) | Pain and suffering past and future resulting therefrom | 10,000 |
| (g) | Fractures of the condyles of right knee | 40,000 |
| (h) | Pain and suffering past and future resulting therefrom | 10,000 |
| (i) | Depressed fractures of facial bones, scarrings and disfigurement | 20,000 |
| (j) | Pain and suffering past and future resulting therefrom | 10,000 |
| (k) | Fractures of left ankle | 7,500 |
| (l) | Pain and suffering past and future resulting therefrom | 2,500 |
| (m) | Fractures of right wrist, ribs, involvement of right elbow and murmur of heart | 7,500 |
| (n) | Pain and suffering past and future resulting therefrom | 2,500 |

$335,000

3. The items of special damages were:

|  |  |  |
|---|---|---|
| (a) | Medical expenses (Finding 38) | $13,860* |
| (b) | Loss of earnings prior to trial (Finding 36) | 8,065 |
| (c) | Prospective loss of earnings (Finding 37) | 12,720 |

$34,645

* $13,860 was corrected by memorandum of February 5, 1959 to $3,960, but no change was made in the reduction in the award from $34,645 to $20,000.

thus making the total award $45,000, the exact amount awarded in the original judgment.[4]

Turning to the specific awards to the wife, we shall first consider those referred to as special damages:

(a) Medical expenses of $3,960 is not disputed.

■ (b) Loss of earnings prior to trial was set at $8,065 (Finding 36). Prior to her injury on November 24, 1949, her annual earnings were $1,542.29 in 1946, $1,537.06 in 1947, $1,666.26 in 1948 and $1,538.02 in 1949 (Pl.Ex. 24). Hence her weekly earnings averaged about $32 prior to her injury. Appellant does not dispute that from December 1949 to March 1952 her loss of earnings was $3,900, and that an additional loss of $700 occurred in 1952.[5] Her loss of earnings was found to be $616 from April 9, 1955 to July 23, 1955, and $2,849 from December 3, 1955 to May 16, 1957, the date of the trial. She ceased work on December 3, 1955 for the reason, according to her testimony, "because my head was aching me too bad to try to work." App. 564. Thus she claimed that her ceasing to work was due to her post concussion syndrome. Her own doctor, Dr. Luskin, re-examined her on May 1, 1957 and testified that "she probably can do some light work." App. 528. Appellants' doctors, who also examined her in May 1957, testified that they thought her able to do the same kind of work as before her injury. App. 643, 661. The District Judge apparently believed her testimony that her headaches were the cause of her loss of wages subsequent to her quitting work in December 1955. We do not think this finding is unsupported by the evidence.

■■ (c) Prospective loss of earnings was found to be $12,720 (Finding 37). This was based on an annual diminution of her prospective earnings in the sum of $800 for her life expectancy of 20 years from the time of trial, amounting to $16,000, the present value of which was discounted at the rate of 2½ per cent. No reason is stated for using a 2½ per cent rate. It should be not less than 4 per cent. Nor is it explained why the annual diminution of prospective earnings was fixed at $800. Appellant argues, and we agree, that this finding is speculative. The item for prospective loss of earnings should be eliminated. This leaves the items of medical expenses $3,960, and loss of earnings prior to trial, $8,065, a total of $12,025, as the allowable items of "special damages."

■■ The general rule is well settled that awards for personal injuries and pain and suffering resulting therefrom are findings of fact which will not be upset on appeal unless clearly erroneous. In our opinion the general rule is not applicable in the present case, where, as already indicated, the District Judge, misconstruing our prior order, found damages of $335,000 and then reduced them to $145,000 in order to produce the exact amount originally awarded. In these circumstances we feel at liberty to determine for ourselves adequate damages for the physical injuries and pain and suffering resulting therefrom. We fix them at $100,000. This sum added to the allowable special damages entitles the wife to an award of $112,025.

■■ We now turn to the awards to the husband. For special damages he was awarded (a) $240 for medical expenses, (b) $7,028 for loss of earnings prior to trial, (c) $11,600 for an annual diminution of prospective earnings in the sum of $400 for his life expectancy of 29 years, which discounted to its present value at the rate of 2½ per cent amounted to $9,164, and (d) loss of consortium to February 24, 1954 of $2,500. Appellant's brief does not appear to object to its items (a) and (d). As to (b) the contention is that the loss of earnings

---

4. An additional award of $2,000 for the total loss of the automobile involved in the accident was made in the present as it was in the original judgment. No question exists as to this item.

5. For the years 1953 and 1954, she sustained no loss of wages, her earnings averaging $40 per week. During this period she also bore a child.

prior to trial does not exceed $4,800. But we cannot say that the District Court's finding (Finding 21 as to the husband) is so unsupported by evidence that it should be set aside. As to (c) we see no justification for the finding that an annual diminution of prospective earnings in the amount of $400 for the husband's life expectancy of 29 years, and that this sum of $11,600 should be discounted at 2½ per cent to find its present worth. As we said in the case of the wife, the rate of discount is quite unreasonable, and the entire item should be eliminated as conjectural. Accordingly the allowable special damages are reduced to (a), (b), and (d), a total of $10,568 instead of $12,500 allowed by the court in "composite."

■ For personal injuries and the resulting "pain, suffering, mental anguish, humiliation and inconveniences, the trial Judge awarded $80,000, but reduced this in "composite" to $32,500. For the reasons stated in discussing awards to the wife, we do not regard this finding conclusive on the appeal. We think an award of $30,000 adequate.

■ As already noted the original judgment of July 3, 1957 was vacated and the cause remanded for the "entry or re-entry of such appropriate judgment as may be justified by the facts and the law." The judgment now on appeal was ordered to be entered *nunc pro tunc* as of July 3, 1957. The new findings as to damages were not completed until February 5, 1959. Until then the damages were unliquidated. It was erroneous to order the judgment entered as of a date prior to February 5, 1959. See Cuebas y Arredondo v. Cuebas y Arredondo, 223 U.S. 376, 390, 32 S.Ct. 277, 56 L.Ed. 476; 6 Moore's Federal Practice ¶58.08, page 3538.

As shown by the foregoing discussion we think the wife is entitled to an award of $112,025 and the husband to an award of $40,568. To the extent that the judgment exceeded those sums it is excessive. If the plaintiffs file a remittitur of such excess, the judgment will be affirmed as thus modified as to amount, to bear interest from February 5, 1959; otherwise the judgment will be reversed and the cause remanded for a new trial as to damages. So ordered.