Richard P. HUGHES, Plaintiff,

v.

Harold L. SANDERS and Gerald Miller, Defendants.

No. 67–14 Civ.

United States District Court
E. D. Oklahoma.

July 25, 1968.

Thomas C. Smith, Jr., Oklahoma City, Okl., for plaintiff.

Kenneth N. McKinney, of Duvall, Head, McKinney, Travis & Bailey, Oklahoma City, Okl., Foliart, Shepherd & Mills, Oklahoma City, Okl., Sandlin & Daugherty, Holdenville, Okl., of counsel, for defendants.

### ORDER

DAUGHERTY, District Judge.

This case was tried to a jury which returned a verdict in favor of the Plaintiff and against the Defendants, Harold L. Sanders and Gerald Miller, in the sum of $6500.00. The litigation involved an automobile accident. The Plaintiff sought damages in the amount of $40,-408.00 for alleged permanent disfigurement, damages to his automobile and other personal property, medical expense, loss of earnings, pain and suffering past and future, and loss of earning capacity due to permanent disability.

The evidence disclosed that the Plaintiff at the time of the accident was a member of the military service. The Government attended to his medical need which involved an expenditure of $2192.00. This element of damage was included in the case and the jury was informed by the testimony of the Plaintiff that he would be required to reimburse the Government for this expenditure out of any recovery obtained herein.

On April 1, 1968, a Journal Entry of Judgment was entered herein in favor of the Plaintiff and against the above mentioned Defendants on the said verdict of the jury for the sum of $6500.00 and court costs. A motion for new trial was not filed nor an appeal taken. Thereafter, pursuant to 42 United States Code, § 2652(b),[1] and on request of the Plaintiff, the United States Government released and waived the Government's claim for its medical expenditures in the sum of $2192.00 because the collection thereof would result in undue hardship upon the Plaintiff. Counsel for the Defendants was advised of this development (which occurred on May 20, 1968) as a result of which the Defendants have refused to pay the judgment and have filed a Motion for Relief from Judgment on June 17, 1968. The Motion was filed pursuant to Rule 60(b), Federal Rules of Civil Procedure, and the relief requested was either that a new trial be granted or that the above mentioned judgment in favor of the Plaintiff be ordered reduced or a remittitur ordered in lieu of a new trial in the sum of $2192.00. The Plaintiff has responded to the Motion, and both sides have briefed the said Motion of the Defendants, which is the matter now under consideration by the Court.

It appears that the Defendants proceed under their Motion pursuant to

---

1. This Section provides:

"To the extent prescribed by regulations under subsection (a) of this section, the head of the department or agency of the United States concerned may (1) compromise, or settle and execute a release of, any claim which the United States has by virtue of the right established by section 2651 of this title; or (2) waive any such claim, in whole or in part, for the convenience of the Government, or if he determines that collection would result in undue hardship upon the person who suffered the injury or disease resulting in care or treatment described in section 2651 of this title."

Rule 60(b) (2) which pertains to newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). It is clear that the "newly discovered evidence" on which the Defendants seek to base their Motion must have been in existence at the time of trial. Petition of Boeing Air Plane Company, 23 F.R.D. 264 (D.C.1959). It is apparent from the face of the Motion that the Government's release and waiver of its claim against the Plaintiff for medical services did not occur until after judgment had been entered and time to move for a new trial had expired. Inasmuch as the Motion does not meet the requirements of Rule 60(b) (2) in the particular mentioned, it is not valid. In this connection, see also: Campbell v. American Foreign S. S. Corporation, 116 F.2d 926 (Second Cir. 1941), cert. den. 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530; Schuyler v. United Air Lines (Pa.1950), 94 F.Supp. 472, aff'd 3 Cir., 188 F.2d 968.

 Because of the Defendants' contention that it is inequitable to require them to pay an element of damages which the Plaintiff, in effect, has not suffered, that is, the medical bills which he is not now required to pay, the Court has given consideration to Defendants' Motion under Clause (6) of Rule 60(b).[2] The power given to the Court by that clause, however, "should be very cautiously and sparingly invoked by the Court only in unusual and exceptional instances." Petition of Boeing Airplane Company, supra. The Court does not believe that this is such a case. The jury awarded a modest verdict under the evidence. The waiver of the right to recoup its medical expenditure made on behalf of the Plaintiff was a matter of grace exercised in the discretion of the Sovereign after final judgment. The Court in the Campbell case, supra, stated that, "If it were ground for new trial that the facts occurring subsequent to the trial have shown that the expert witnesses made an inaccurate prophecy of the prospective disability of the plaintiff, the litigation would never come to an end." 116 F.2d at page 928. This is a similar case and for similar reasons the Defendants' Motion is not well taken.

Defendants' Motion for Relief from Judgment is accordingly denied.

2. This clause provides:
"(6) any other reason justifying relief from the operation of the judgment.
* * *"