**FAIRBANKS BUILDERS, INC., et al.,**
**Appellants,**

v.

**SANDSTROM PLUMBING & HEATING,**
**INC., Appellee.**

No. 2499.

Supreme Court of Alaska.

Oct. 8, 1976.

Edward T. Noonan and Charles E. Cole, Fairbanks, for appellants.

Dennis E. Cook and Stephen Cramer of Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

OPINION

BOOCHEVER, Chief Justice.

Fairbanks Builders, Inc. appeals from the portion of a judgment in favor of Sandstrom Plumbing & Heating, Inc. awarding $5,500.00 in attorney's fees.

The action brought by Sandstrom asked for payment of $28,414.75 owed it pursuant to a contract. Fairbanks Builders, Inc. in its answer denied owing the money[1] and affirmatively counterclaimed for breach of the same contract asking $35,000.00 as damages.[2] The jury awarded Sandstrom $12,258.61 and set off against that sum $2,383.75 which it awarded to Fairbanks Builders on its counterclaim. Sandstrom then moved for attorney's fees, submitting with the motion an affidavit of

its attorney itemizing expenses and fees totalling $10,562.50. Fairbanks Builders submitted no papers in opposition to the motion, but the trial judge of his own accord did not award the full attorney's fees to plaintiff.[3] Rather, he reduced the award of attorney's fees to $5,500.00. In determining the fee, no findings were made.[4]

During a subsequent hearing reconsidering the order, the trial judge affirmed his earlier award. At that time, he indicated the basis of the award and he later spelled out certain findings in support of it.

On the gross judgment of $12,258.61, a fee of $2,076.00 was awarded pursuant to Civil Rule 82(a)(1). An additional sum of $2,924.00 was awarded for defending the counterclaim and, apparently, also partially in consideration of the complexity of the case. Finally, $500.00 was allowed for efforts required to compel discovery.

Fairbanks Builders' arguments on appeal are based on contentions that:

1. The trial court improperly awarded attorney's fees based on Sandstrom's gross judgment, without deduction for the amount awarded Fairbanks Builders on its counterclaim.

2. Sandstrom was not the prevailing party on the counterclaim and should not have been awarded an additional sum for its defense of the counterclaim.

---

1. In its brief, Fairbanks Builders asserts that it acknowledged throughout the proceedings that $12,258.61 (the amount awarded by the jury before setoff) was due. This is contradicted by the general denial of Fairbanks Builders' answer below; Sandstrom, however, does not contest the assertion.

2. As Fairbanks Builders notes in its brief, this counterclaim, which arises out of the same contract as Sandstrom sued upon, is a compulsory counterclaim. If not asserted in the action below, it would be lost. Civil Rule 13 (a). The complaint was filed September 25, 1972. The jury reached its verdict on February 6, 1975.

3. Civil Rule 77(e) then provided in part: Failure to file a brief by the adverse party

shall be deemed an admission that, in the opinion of counsel, the motion is well taken. The rule has since been amended eliminating that provision. Although no opposing papers were filed, the court properly reduced the requested award *sua sponte*. The court is required to scrutinize a request for attorney's fees and to exercise its independent discretion. See *Schandelmeier v. Winchester Western*, 520 P.2d 70, 75 (Alaska 1974) ; *cf. State v. Johnson*, 525 P.2d 532, 534–35 (Alaska 1974).

4. When a trial judge departs from the schedule of attorney's fees embodied in Civil Rule 82(a), he should indicate on the record his reasons for nonadherence. *Patrick v. Sedwick*, 413 P.2d 169, 179 (Alaska 1966).

3. It was an abuse of discretion to award additional fees for Sandstrom's efforts to compel discovery because sanctions had already been imposed in favor of Sandstrom and against Fairbanks Builders because of the extra efforts required for discovery.[5]

The award of attorney's fees to a prevailing party is governed by Civil Rule 82. Rule 82(a) provides:

*Rule 82. Attorney's Fees.*

(a) *Allowance to Prevailing Party as Costs.*

(1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

|  |  | Contested | *Without Trial* | Non-Contested |
|---|---|---|---|---|
| First | $ 2,000 | 25% | 20% | 15% |
| Next | $ 3,000 | 20% | 15% | 12.5% |
| Next | $ 5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

(2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

(3) The allowance of attorney's fees by the court in conformance with the foregoing schedule is not to be construed as fixing the fees between attorney and client.

Fairbanks Builders, referring to *Patrick v. Sedwick,* 413 P.2d 169, 179 (Alaska 1966), argues that the discretion of the trial court to depart from the fee schedule may only be exercised in "extraordinary circumstances". In *Patrick,* however, this court did not hold that extraordinary circumstances are necessary before a judge

departs from the fee schedule. Rather, the court said:

Taking into consideration the amount of appellant's recovery and the complexity of the legal principles involved in the trial, we cannot discern, from a reading of the record, the basis for the trial court's departure from Civ.R. 82(a)'s schedule of fees. We hold that when a party recovers a money judgment in contested litigation the trial judge should indicate on the record his reasons for nonadherence to the fee schedule set forth in Civ.R. 82(a) in determining his award of attorney's fees.

Clearly, the intent of the court in *Patrick* was to assure that there is a rational basis for departing from the fee schedule, and that on appeal there is a sound record allowing this court to review whether a trial judge abused his discretion.

Based on our prior decisions,[6] an award of attorney's fees under Rule 82 will not be reversed unless manifestly

---

5. An additional argument based on due process was advanced. This argument depends primarily on the award of attorney's fees for defense of the counterclaim. Due to our decision with reference to that portion of the award, we do not reach the due process issue.

6. *See, generally,* Hughes, Gregory J., Award of Attorney's Fees in Alaska: An Analysis of Rule 82, 4 UCLA—Alaska L.Rev. 129, 149-54 (1974).

unreasonable,[7] arbitrary[8] or designed for a purpose other than justly deserved compensation.[9] Typical of this court's statements on the discretion vested in the trial judge is the following:

> [T]he matter of awarding attorney's fees is committed to the discretion of the trial court. We shall interfere with the exercise of that discretion only where it has been abused. An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable.[10]

■ We hold that there was error in applying the scale of Rule 82 to Sandstrom's gross recovery. Had the amount awarded on the counterclaim equalled Sandstrom's affirmative judgment, certainly fees could not be awarded on that latter sum. The amount of the money judgment recovered by Sandstrom to which Rule 82(a)(1) applies was the sum of $9,874.86, the net recovery after deduction of the counterclaim awarded Fairbanks Builders. The first portion of the award should be reduced from $2,176.00 to $1,831.23, the amount allowable under Rule 82(a)(1) on the net recovery.[11]

7. *Froelicher v. Hadley*, 442 P.2d 51, 53 (Alaska 1968).

8. *See Preferred General Agency of Alaska, Inc. v. Raffetto*, 391 P.2d 951, 954 (Alaska 1964).

9. *Id.*

10. *Palfy v. Rice*, 473 P.2d 606, 613 (Alaska 1970). In *Palfy*, because defendant prevailed and there was no recovery, the trial court was faced with the task of awarding a "reasonable amount" to defendant for attorney's fees. Despite the quoted language in the text, we there found an award of $3,700.-00 to be unreasonably low, in view of the factual complexity of the case, three and one-half years preparation, extensive discovery, defendant's potential liability had plaintiff prevailed and ancillary litigation required of defendant's attorneys.

11. Appellant's good faith in bringing this compulsory counterclaim provides an additional reason for calculating fees on the net recovery here. In *Malvo v. J. C. Penney, Inc.*, 512 P.2d 575, 588 (Alaska 1973), this court said:

■ Moreover, it was an abuse of discretion to award an extra sum to Sandstrom for defense of the counterclaim. Fairbanks Builders recovered $2,383.75 on its counterclaim. That sum is considerably less than the $35,000.00 claimed; nevertheless, it can no more be stated that Fairbanks Builders did not prevail on the counterclaim, than that Sandstrom did not prevail on its principal claim because it was awarded less than one-half of its prayer.

In *H. D. DeWitt Constr. Co. v. Liberty Leasing Co. of Alaska,* 499 P.2d 599 (Alaska 1972), the trial court rendered judgment of $17,736.11 in favor of DeWitt and granted an offset to Liberty for $93.64. The trial court awarded no attorney's fees, stating that neither party had prevailed. We found that determination to be "manifestly unreasonable" considering a balancing of the recoveries by each party and in view of the fact that DeWitt had prevailed on the main issue of liability under a construction contract. *Accord, Nordin Constr. Co. v. City of Nome,* 489 P.2d 455, 474 (Alaska 1971); *Buza v. Columbia Lumber Co.,* 395 P.2d 511, 514 (Alaska 1964). The *DeWitt* case, then, stands for the proposition that the prevailing party is the party who prevails in the suit as a whole.[12]

> The purpose of Civil Rule 82 is to partially compensate a prevailing party for the costs and fees incurred where such compensation is justified and not to penalize a party for litigating a good faith claim.

12. *See also* Hughes, Gregory J., Award of Attorney's Fees in Alaska: An Analysis of Rule 82, 4 UCLA—Alaska L.Rev. 129, 157 (1974). This court has held that the exact determination of the prevailing party is, like the award of attorney's fees itself, left to the trial judge's discretion. *Owen Jones & Sons, Inc. v. C. R. Lewis Co.,* 497 P.2d 312, 314 (Alaska 1972). *Accord, Adoption of V.M.C.,* 528 P.2d 788, 795 (Alaska 1974); *H. D. DeWitt v. Liberty Leasing Co. of Alaska,* 499 P.2d 599, 601 (Alaska 1972). But insofar as the issue is whether net or gross judgment should be used in applying the fee schedule, the question here is not determination of the prevailing party in the suit as a whole. Rather, it is whether Sandstrom was the prevailing party on a counterclaim where the jury awarded Fairbanks Builders a substantial sum of money, though substantially less than requested initially.

The trial court did not abuse its discretion by holding that Sandstrom prevailed on the suit as a whole. But it cannot be said that Sandstrom additionally prevailed on the counterclaim. The court erred in awarding an additional $2,924.00 to the extent that that sum was allowed to Sandstrom as the "prevailing" party on the counterclaim. While the $2,924.00 figure could be interpreted as being solely based on defense of the counterclaim, some of the trial judge's comments indicate that it was awarded because the money judgment recovered by Sandstrom

> was not an accurate criterion for determining the fee. This case was a contract claims case and hencé was more complex than the usual type of action for money judgment and many times more complex than the average personal injury case.[13]

Under Rule 82, when the money judgment is not an accurate means of determining the fee to be allowed the prevailing party, the court shall award a fee commensurate with the amount and value of legal services rendered. Thus, to the extent that the court found that this litigation was unusually difficult, some additional sum may be added to the amount allowable under the scale specified in Rule 82(a)(1). That sum, however, in this case should be substantially less than $2,924.00.

■ The final issue Fairbanks Builders raises is whether the superior court erred in awarding $500.00 as compensation for plaintiff's efforts to force defendant to answer interrogatories and to appear at depositions. Fairbanks Builders argues that Sandstrom was already compensated for this item by virtue of an earlier ruling of a different superior court judge, Judge Taylor. The trial judge stated:

> . . . Judge Taylor . . . did in fact assess attorney's fees and costs as

sanctions for failure of the defendant to appear at depositions and make discovery as ordered by the court. This Court considers that those were fees imposed in the nature of sanctions and it is the intention of the court in this case to take into account substantial attorney time and effort involved and demonstrated by the plaintiff in order to move the case along. The court feels that the sum of $500.00 would adequately and reasonably compensate the plaintiff for additional attorney fees incurred by reason of the failure of the defendant to appear at interrogatories and answer discovery, which has not previously been covered by the sanction imposed by Judge Taylor; . . .

■ It is thus clear that Judge Van Hoomissen was not duplicating the award ordered by Judge Taylor, but was providing an additional sum for the unusual efforts required by Sandstrom in securing discovery. In *Continental Ins. Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398, 411 (Alaska 1976), we discussed problems concerning unjustified prolonging of discovery procedures and possible remedies available to the courts. While award of attorney's fees should not duplicate sanctions imposed, it is entirely appropriate for a court to award additional attorney's fees to compensate for time spent in securing discovery attributable to delays caused by opposing parties or counsel. Where unusual efforts are required, the money judgment may not be an accurate criterion for determining the fee, and the judge is authorized to award a fee commensurate with the amount and value of legal services rendered.[14] The trial court did not abuse its discretion in awarding the additional sum of $500.00 for that purpose.

REVERSED IN PART AND REMANDED.

---

13. At one point, the trial judge stated:
The complexities of the case, the problems in the case—and I don't think that it was that complex a case, but your client didn't make it any less complex.

14. *See* Civil Rule 82(a)(2), quoted at Page 966, *supra. Palfy v. Rice*, 473 P.2d 606, 613 (Alaska 1970).