**FAIRBANKS BUILDERS, INC., Appellant,**

v.

**MORTON DeLIMA, INC., Appellee.**

**No. 1104.**

Supreme Court of Alaska.

March 30, 1971.

Charles E. Cole, Fairbanks, for appellant.

Eugene V. Miller, Gerald J. Van Hoomissen, of Miller & Van Hoomissen, Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

Appellant Fairbanks Builders entered into a contract with the United States Army Corps of Engineers for the construction of anti-erosion works along the Yukon River in the vicinity of Galena, Alaska. Appellant subcontracted with appellee

Morton DeLima for the earthwork portion of the prime contract. The subcontract obligated Morton DeLima to furnish 600 cubic yards of gravel daily. In light of the total gravel requirements specified in the prime contract, it was anticipated that approximately 27 days would be required for Morton DeLima to complete its performance of the subcontract. Shortly after Morton DeLima commenced work, Fairbanks Builders encountered difficult conditions in the course of driving pilings along the banks of the Yukon. These circumstances caused Fairbanks Builders to change its operating procedures which resulted in delayed performance by Fairbanks Builders of the prime contract, and in turn prevented Morton DeLima from completing its performance of the subcontract until some 73 days had elapsed from the time work was initiated. Morton DeLima then sued Fairbanks Builders for additional labor and equipment expenses it allegedly incurred during the period of time its performance of the subcontract was delayed. After trial to the superior court without jury, Morton DeLima was awarded a judgment of $8,220 with interest from May 1, 1963.

■ Fairbanks Builders argues that the superior court erred in awarding Morton DeLima prejudgment interest. State v. Phillips, 470 P.2d 266, 272–274 (Alaska 1970), is dispositive of this contention. In *Phillips*, we said in part that:

All damages then, whether liquidated or unliquidated, pecuniary or nonpecuniary, should carry interest from the time the cause of action accrues, unless for some reason peculiar to an individual case such an award of interest would do an injustice. [*Id.* at 274]

Since both the prime and subcontracts were completed in May of 1963, we affirm the trial court's award to Morton DeLima of prejudgment interest from May 1, 1963.

■ Fairbanks Builders next contends that the superior court erroneously found that it had breached an implied covenant of fair dealing. In its findings of fact the trial court in part found:

That during the term of the contract the defendant caused the plaintiff to be delayed in the performance of his contractual duties in that the contract required some thirty days for completion under the terms of the contract, and due to the delays and the fact that the defendant failed to allow the plaintiff to complete his work within the required time and at the rate specified by the contract.[1]

These findings afford us a clear understanding of the basis for the trial court's resolution of the liability issue. Fairbanks Builders breached the subcontract by preventing Morton DeLima from timely performing its obligations under the subcontract. For implicit in the parties' subcontract was an obligation on the part of Fairbanks Builders not to prevent or hinder performance by Morton DeLima.[2] We

---

1. In a separate subsequent finding, it was found:

That from a preponderance of the evidence that a covenant of fair dealing should be implied against the defendant and in favor of the plaintiff. Accordingly, the plaintiff is entitled to recover his damages for a breach thereof and defendant has breached the covenant in the delays attending completion of contract.

2. Restatement of Contracts § 315 (1932); 4 A. Corbin, Contracts § 947, at 813 (1951 ed.). At 3 A. Corbin, Contracts § 571, at 349–351 (1960 ed.), it is stated that:

In any kind of contract, if the right of one party to compensation is conditional upon the rendition of some service or other performance by him or on his behalf, it is nearly always a breach of contract for the other party to act so as to prevent or to hinder and delay or to make more expensive the performance of the condition. It is a breach of duty, only because the court finds a promise by implication not to prevent or hinder.

United States v. Behan, 110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168 (1884); North-

therefore find no merit in regard to appellant's second specification of error.

Fairbanks Builders' final specification of error is that the trial court's findings of fact pertaining to damages are inadequate.[3] In its complaint Morton DeLima sought $43,522 in damages for equipment rental and labor costs attributable to the delay caused by Fairbanks Builders.[4] After a nonjury trial, the superior court concluded, in a memorandum opinion, that Morton DeLima "suffered $8,220.00 damages."[5] In its opinion the court further stated that "Findings, conclusions, and judgment may be lodged by plaintiff consistent with the foregoing."[6] Thereafter, formal findings of fact and conclusions of law were prepared by counsel for Morton DeLima and subsequently signed by the trial judge. Concerning damages, the lower court's sole finding of fact states "[t]hat the plaintiff suffered damages in the sum of $8,220.00 as a result of the delays attending the completion of contract."

Fairbanks Builders now asserts that the trial court committed error "in failing to make adequate findings of fact on each of the items of claimed damages." More particularly, it is argued that the finding was inadequate because it failed to provide this court with a clear understanding of the basis for the trial court's award of damages.

Viewed in the context of this record, we agree that the questioned finding of fact is inadequate in that it does not meet the degree of specificity required by Civil Rule 52[7] and this court's decisions which have interpreted this rule.[8] Patrick v. Sedwick, 413 P.2d 169, 175 (Alaska 1966), is representative of our precedents in this

---

east Clackamas County Elec. Co-op v. Continental Cas. Co., 221 F.2d 329 (9th Cir. 1955). *See also* McGrath v. Electrical Const. Co., 230 Or. 295, 364 P.2d 604, 370 P.2d 231 (1961).

3. In appellant's brief, it is asserted that "[t]he trial court erred in failing to make adequate findings of fact on each of the items of claimed damages."

4. Appellant filed a general denial to the complaint. The trial court's pretrial order reflects that appellant was given 30 days to file an amended answer in which its "claims will be stated." No amended answer was filed by appellant.

5. In his memorandum opinion, the trial judge also said, "I desire to note herein that I have waited two and one half months for defendant's [Fairbanks Builders, Inc.] legal brief and have concluded that he does not intend to file any."

6. In regard to the preparation and submission of findings, conclusions, and judgments, Civ.R. 78(a) provides:
Unless otherwise ordered by the court, counsel for the successful party to an action or proceeding shall prepare in writing and serve on each of the other parties all findings of fact, conclusions of law, judgments and orders. Counsel for each of the parties so served shall promptly endorse on the original of each document either (1) an approval as to form, (2) a disapproval as to form, or (3) an acknowledgment of the date and hour of service.

7. Civ.R. 52(a) provides in part:
In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. * * * Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.
Civ.R. 52(b) reads in part:
When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment.
Subparagraph (c) of Civ.R. 52 provides:
The preparation and submission of findings of fact and conclusions of law shall be governed by Rule 78.

8. Hamilton v. Lotto, 391 P.2d 948, 949 (Alaska 1964); Spenard Plumbing & Heating Co. v. Wright, 370 P.2d 519, 525–526 (Alaska 1962); Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1962); Dickerson v. Geiermann, 368 P.2d 217, 219 (Alaska 1962).

area of procedural law. There we held that the trial court's findings of fact pertaining to damages must be "sufficiently detailed to afford us a clear understanding of the basis of the court's award." [9] Our prior decisions have made clear that the provisions of Civil Rule 78(a) [10] were not intended to delegate to counsel for the litigants the trial judge's primary duty under Civil Rule 52 of finding the facts specially.[11] To accord Civil Rule 78(a) primacy would result in the de-emphasis of one of the purposes of requiring findings, namely, to aid the trial judge's process of adjudication.[12] In this regard we consider it appropriate to reiterate our previous endorsement of Judge Frank's views concerning the role of the trial judge in the fact-finding process. In United States v. Forness,[13] Judge Frank wrote:

> The trial court is the most important agency of the judicial branch of government precisely because on it rests the responsibility of ascertaining the facts. When a federal trial judge sits without a jury, that responsibility is his. And it is not a light responsibility since, unless his findings are 'clearly erroneous,' no upper court may disturb them. To ascertain the facts is not a mechanical act. It is a difficult art, not a science. It involves skill and judgment. As fact-

finding is a human undertaking it can, of course, never be perfect and infallible. For that very reason every effort should be made to render it as adequate as it humanly can be. (footnotes omitted)

In the case at bar, the trial court's stark pronouncement that "plaintiff suffered $8,220.00 damages" provides little illumination. Without knowledge of the basis or theory upon which the award of damages is made meaningful, appellate review is frustrated both from the vantage point of the appealing litigant and the appellate court.[14]

Nevertheless, we find it unnecessary to set aside the judgment entered below or to remand the case in order to permit the trial court to make adequate findings of fact regarding the award of $8,220 damages. In this appeal Fairbanks Builders has not specified as error that the damages awarded DeLima were excessive, or that DeLima was not entitled to any damages, or that the evidence was insufficient to support the trial court's finding of $8,220 in damages.[15] Appellant Fairbanks Builders' sole claim is that the finding of fact as to damages was inadequate. In such circumstances, we do not believe that it would further the cause of justice in this prolonged litigation to remand the matter

9. Unlike the situation in the case at bar, in the *Patrick* case both parties to the appeal attacked the trial court's award of damages. In *Patrick*, appellant argued the damages were inadequate while appellee took the position they were excessive.

10. *Supra* note 6.

11. Rogge v. Weaver Bros., 368 P.2d 810, 814–815 n. 7 (Alaska 1962). This court said in part: "For a detailed discussion of the trial judge's responsibility to give personal consideration to findings of fact and to avoid the mechanical adoption of findings prepared by counsel, see United States v. Forness, 125 F.2d 928, 942 (2d Cir. 1942), cert. denied 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942)."

12. In Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1965), we said:
> To particularize, the requirement that the trial judge file findings of fact

gives assurance that he has exercised care in ascertaining the facts, and has employed both skill and judgment in reducing his thoughts on contested matters to precise and pertinent findings while the evidence is still fresh in his mind. (footnote omitted)

13. 125 F.2d 928, 942–943 (2d Cir.), cert. denied, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).

14. Patrick v. Sedwick, 413 P.2d 169, 175 (Alaska 1966).

15. Under the provisions of Civ.R. 52(b), the sufficiency of the evidentiary basis for a particular finding of fact may be asserted on appeal whether or not the party raising the question made an objection to the finding in the trial court. *See* note 7 *supra*.

to the trial court for additional proceedings. We reach this conclusion because due to the procedural context in which this appeal is presented appellant has not properly raised any substantive issue which calls for review by this court.[16] Furthermore, based on our own study of the record, we cannot say that the trial court's award of $8,220 in damages was tantamount to plain error.[17]

Affirmed.

ERWIN and CONNOR, JJ., not participating.

---

16. We note that appellant did not object to the adequacy of the finding as to damages in the trial court. In this regard, Civ.R. 78(b) provides:

Within 5 days after service of any of the documents mentioned in subdivision·(a), a party may serve a written detailed statement of objections to any such document and the reasons therefor. If objections are served within the time specified herein, the court may thereafter require the attorneys interested to appeal before it, or it may sign the document as prepared by counsel for the successful party or as modified by the court.

17. Merrill v. Faltin, 430 P.2d 913, 917 (Alaska 1967); Heacock v. Town, 419 P.2d 622, 623 (Alaska 1966); Meyst v. East Fifth Ave. Serv., Inc., 401 P.2d 430, 434 (Alaska 1965).