**CITY AND BOROUGH OF JUNEAU, a Municipal Corporation, Appellant/Cross-Appellee,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, a Massachusetts Corporation, Appellee/Cross-Appellant.**

Nos. 4040, 4041.

Supreme Court of Alaska.

Aug. 24, 1979.

**958**

Mary A. Nordale, Fairbanks, David H. Bundy, Ely, Guess & Rudd, Anchorage, for appellant/cross-appellee.

Lyle R. Carlson, Fairbanks, for appellee/cross-appellant.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

This case requires us to determine the correct rate of prejudgment interest to be

awarded on damages arising from a fire which occurred in 1972.

On February 22, 1972, a fire severely damaged the "Fifth Street School" in Juneau. The school was owned by the City and Borough of Juneau, which had leased it to the University of Alaska. The university had insured the building with the Commercial Union Insurance Company. The City/Borough sued the university and Commercial Union. The trial court granted summary judgment to the City/Borough on the issue of liability, and, following a trial on the issue of damages, the jury returned a verdict against the defendants for $425,-000. The parties stipulated that Commercial Union would be solely liable for judgment entered on the verdict and whatever prejudgment interest, costs and attorney's fees were awarded. The superior court, after considering memoranda submitted by the parties on the rate of prejudgment interest, awarded interest to the City/Borough at the rate of 6% from February 22, 1972 to September 12, 1976, and at 8% from the latter date until entry of judgment. The City/Borough has appealed, claiming that it should have received 8% interest for the entire period.

The rate of prejudgment interest in Alaska is determined by AS 45.45.010(a).[1] *State v. Phillips*, 470 P.2d 266, 272–74 (Alaska 1970). Until 1976 the interest rate on money "due" was set by the legislature at six percent. In 1976, the legislature amended section 45.45.010(a) to raise the rate to eight percent.[2] In making its prejudgment interest award in this case the trial court decided that this amendment was not to be applied retroactively. We affirm that decision.

■ AS 01.10.090 states, "No statute is retrospective unless expressly declared therein."[3] Even before this provision was

---

1. If damages are awarded against the State, the governing statute is AS 09.50.280.

2. Ch. 159, § 1, SLA 1976, effective September 12, 1976.

3. The iron-clad language of this section is modified to some extent by AS 01.10.020, which provides:

The provisions of §§ 40–90 of this chapter shall be observed in the construction of the laws of the state unless the construction would be inconsistent with the manifest intent of the legislature.

enacted in 1962, we had followed the "well established rule of statutory construction that in the absence of a clear expression to the contrary a law is presumed to operate prospectively only." *Hill v. Moe*, 367 P.2d 739, 742 (Alaska 1961) (footnote omitted). We believe that this rule is dispositive of the City/Borough's contention.

We cannot accept the argument that prejudgment interest is a "remedial" or "procedural" device, and hence the increased rate should operate retroactively.[4] In Alaska prejudgment interest is a substantive right of an injured party, to allow that party to recover for economic loss occasioned by his inability to use the award of damages between the injury and judgment. *Davis v. Chism*, 513 P.2d 475, 480–81 (Alaska 1973); *State v. Phillips*, 470 P.2d at 273–74. Nor are we persuaded by the City/Borough's contention that prejudgment interest, being "judge-made" law, is not subject to the restrictions on statutory retroactivity. The question here is not whether an award of prejudgment interest can be made retroactively, but rather what rate is to be applied. And the rate, as noted, is indeed controlled by statute.

The purpose of prejudgment interest is to place an injured plaintiff in the same position as if he had been compensated immediately for his loss. *State v. Phillips*, 470 P.2d at 273 n.27. This result is achieved if interest is calculated at the prevailing rate for the period between the incident causing the loss and judgment. The legislature's 1976 amendment of AS 45.45.010 recognized the rising trend in interest rates on the open market. Prior to 1976, however, the legislature apparently felt that 6% adequately reflected financial reality. Hence,

awarding interest at 8% for the whole period would overcompensate the City/Borough and would be inconsistent with the intent in allowing prejudgment interest, as expressed in *Phillips*.

Commercial Union has also appealed two rulings of the trial court. It first contends that the court erred in awarding attorney's fees to the City/Borough based on the verdict plus prejudgment interest, rather than the verdict alone.[5] We resolved this issue adversely to Commercial Union in *ERA Helicopters, Inc. v. Digicon Alaska, Inc.*, 518 P.2d 1057, 1063 (Alaska 1974) (footnotes omitted):

> ERA next argues that the trial court erred in computing attorneys' fees upon the damages awarded by the jury plus prejudgment interest. ERA asserts that the phrase "money judgment" in Civil Rule 82(a) should be interpreted as referring only to the damage award of the jury and not to the court's award of prejudgment interest, and, consequently, that attorneys' fees should be computed only on the basis of the jury's award.
>
> In *Davis v. Chism* [513 P.2d 475 (Alaska 1973)] this court was faced with the task of interpreting the phrase "judgment finally obtained by the offeree" in Civil Rule 68. Justice Connor, writing for the court, stated:
>
>> Because pre-judgment interest is in the nature of compensatory damages, it is reasonable for the trial court to include that figure in the "judgment finally obtained by the offeree" and to compare that total to the amount of the offer of judgment. [Id. at 481]
>
> We regard the conclusion of *Chism* that prejudgment interest is in the nature of

---

4. *See* 1A Sutherland, Statutes and Statutory Construction § 22.36, at 200 (4th ed. 1972) (footnotes omitted), where it is stated:

 [P]rovisions added by the amendment that affect procedural rights—legal remedies—are construed to apply to all cases pending at the time of its enactment and all those commenced subsequent thereto, whether the substantive rights sought to be enforced thereby accrued prior or subsequent to the amendment, unless a vested right would thereby be impaired.

5. The parties had agreed that fees should be assessed based on the contested trial schedule of Civil Rule 82(a)(1): 25% of the first $2,000, 20% of the next $3,000, 15% of the next $5,000, and 10% of the remainder. Since prejudgment interest of $163,152.72 was awarded, the City/Borough's attorneys received $16,315.27 in fees from Commercial Union as a result of the interest.

compensatory damages as dispositive of the interpretation of "money judgment" in Civil Rule 82. No compelling reasons have been advanced why prejudgment interest should not be regarded as part of the money judgment obtained by a party. Both the plain meaning of Civil Rule 82 and the holding of *Chism* lead us to include that the trial court did not err in its method of computing attorneys' fees.

We reaffirm that holding.

 Commercial Union also contends that the trial court erred in overruling its clerk and awarding costs to the City/Borough, even though a notice of taxation was not filed within ten days of judgment as required by Civil Rule 79(a).[6] Under Civil Rule 94, however, the trial court may suspend or relax application of the rules when strict adherence to them would work injustice. The court's invocation of Rule 94 will only be reversed for abuse of discretion. *See Merrill v. Faltin*, 430 P.2d 913, 918 (Alaska 1967). Since the City/Borough's service of the actual bill of costs was timely, and the Commercial Union showed no prejudice arising from the belated service of the notice of taxation, we cannot conclude that the judge abused his discretion in allowing costs here.[7]

The judgment of the trial court is AFFIRMED.

---

**6.** Civil Rule 79(a) reads:

*Cost Bill—Notice—Waiver.* Within 10 days after the entry of judgment, a party entitled to costs shall serve on each of the other parties to the action or proceeding a cost bill, together with a notice when application will be made to the clerk to tax costs. The cost bill shall distinctly set forth each item claimed in order that the nature of the charge can be readily understood. It shall be verified by the oath of the party, of his agent or attorney or of the clerk of such attorney, stating that the items are correct, that the services have been actually and necessarily performed, and that the disbursements have been necessarily incurred in the action or proceeding. The notice shall specify the date and hour at which application for the taxing of such costs will be made to the clerk, which date shall be not less than 3 nor more than 7 days from the date of the notice. Failure of a party to serve a cost bill and notice as required by this subdivision shall be construed as a waiver of his right to recover costs.

The City/Borough filed a timely bill of costs, but failed to file a notice of taxation until fifteen days after judgment.

**7.** The two cases to which Commercial Union refers us, *Williams v. Havens*, 92 Idaho 439, 444 P.2d 132 (1968), and *Davis Lumber Co. v. Hubbell*, 137 Cal.App.2d 148, 290 P.2d 33 (1955), both involved failures to file the bills of costs within time limits prescribed by statutes, rather than rules of the court.