**ALASKA FAR EAST CORPORATION,**
**Appellant,**

v.

**Richard NEWBY, Appellee.**

No. 5238.

Supreme Court of Alaska.

July 10, 1981.

Clay A. Young, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for appellant.

Helen L. Simpson, Anchorage, for appellee.

Before RABINOWITZ, C.J., CONNOR, BURKE and MATTHEWS, JJ., and SCHULZ, Superior Court Judge.*

OPINION

PER CURIAM.

This appeal arises out of an action for money due on an oral contract. Alaska Far East Corporation has appealed on the ground that certain of the superior court's findings of fact, supporting a judgment for Newby of $30,416, were clearly erroneous.

A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. Civil Rule 52(a). A clearly erroneous finding is one which leaves the reviewing court with the definite and firm conviction on the entire record that a mistake has been made. *Lewis v. Anchorage Asphalt Paving Co.*, 579 P.2d 532, 534 (Alaska 1978). Due regard shall be given to the trial court's opportunity to

---

* Schulz, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

observe witnesses, and deference is particularly appropriate when, as in this case, the bulk of the evidence at trial was oral testimony. *Curran v. Hastreiter*, 579 P.2d 524, 527 (Alaska 1978). It is not our function on appeal to subject the proceedings below to independent review, *Martens v. Metzgar*, 591 P.2d 541, 544 (Alaska 1979). A finding of fact is not clearly erroneous merely because the supreme court might have found the facts differently had it been the trier of fact. *State v. Kaatz*, 572 P.2d 775, 782 (Alaska 1977). Having reviewed the entire record of the trial, we cannot conclude that the superior court's findings are clearly erroneous.

The appellant has also questioned the superior court's computation of prejudgment interest. Under *City and Borough of Juneau v. Commercial Union Insurance Co.*, 598 P.2d 957 (Alaska 1979) and AS 45.45.-010, the correct formula for prejudgment interest in this case is 6% from May 17, 1975, to September 11, 1976, and 8% from September 12, 1976, to January 17, 1980. On appellant's motion the superior court amended its judgment to reflect the proper computation of interest.

The judgment of the superior court as amended is AFFIRMED.

COMPTON, J., not participating.