George Gary FARNSWORTH and Sandra Kay Farnsworth, Appellants,

v.

H. J. STEINER, Personal Representative of the Estate of Michael R. Steiner, Deceased, Appellee.

No. 5345.

Supreme Court of Alaska.

Dec. 24, 1981.

Joseph W. Sheehan, Fairbanks, for appellants.

Barbara L. Schuhmann of Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and ROWLAND, Superior Court Judge.*

OPINION

BURKE, Justice.

This case is here for a second time. The sole issue now is the superior court's award of interest upon remand from this court.

George Farnsworth won a jury verdict against Michael Steiner in a personal injury suit. Before trial, Steiner had made an offer of judgment pursuant to Civil Rule 68 [1] which Farnsworth rejected. Since the trial court found Steiner's offer to have been in excess of Farnsworth's recovery, it awarded Steiner costs and attorney's fees from the time of his offer through the date of verdict. Farnsworth appealed, attacking the validity of the offer of judgment, and Steiner then cross-appealed on the merits. In *Farnsworth v. Steiner*, 601 P.2d 266, 272 (Alaska 1979) [hereinafter cited as *Farnsworth I*], this court affirmed the trial court "as to all matters except the award of attorney's fees and interest." We vacated those awards and remanded for recomputation.

On remand, in conformity with our mandate, the trial judge (1) adjusted each party's attorney's fees award; (2) denied Farnsworth prejudgment interest from the date of the offer through the date of verdict; and (3) granted Farnsworth postjudgment interest from the date of the verdict through the date of Farnsworth's initial notice of appeal, as well as postjudgment interest beginning from the date of the trial court's entry of its amended judgment upon remand and continuing until paid. Farnsworth then brought this appeal, *Farnsworth II*, objecting to the trial court's denial of postjudgment interest during the pendency of his initial appeal, *Farnsworth I*. [2]

### Principles for Awarding Interest on Money Judgments

The consideration of this issue requires reference to the principles of Alaska law on awarding interest to judgment creditors. When a cause of action arises, the injured party becomes immediately entitled to be made whole, and the amount later adjudicated as damages becomes *due*. *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970). Therefore, "[a]ll damages . . .

---

* Rowland, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. Alaska Civil Rule 68 provides:
   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party

to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

2. Steiner argues that this appeal should be dismissed as untimely. This is a frivolous contention, since the amended judgment eliminating postjudgment interest on the earlier judgment was entered on April 23, 1980, and the appeal followed within the 30 days allowed by former Appellate Rule 7(a), now recodified as Appellate Rule 204(a). Farnsworth was not obligated to appeal the trial court's earlier interlocutory memorandum decision or its supplemental findings. Only when the amended judgment was *entered* did the 30 day period start to run. *Vogt v. Winbauer*, 376 P.2d 1007, 1009 (Alaska 1962).

should carry interest from the time the cause of action accrues."[3] *Id.* This is because Alaska law recognizes "the economic fact that money awarded for any reason is worth less the later it is received." *Id.* at 273 (footnote omitted).

The allowance of prejudgment interest in *Phillips* could have been read narrowly so as to apply only when the state is the defendant.[4] However, it later became clear that the principle that judgment creditors are entitled to the time value of the compensation for their injuries would be recognized by this court in *all* civil cases. *Beech Aircraft Corp. v. Harvey*, 558 P.2d 879, 888 n.30 (Alaska 1976); *Nordin Constr. Co. v. City of Nome*, 489 P.2d 455, 474 (Alaska 1971); *Fairbanks Builders, Inc. v. Morton DeLima, Inc.*, 483 P.2d 194, 195 (Alaska 1971).

In *Phillips* we acknowledged the argument that since the "plaintiff actually suffers the loss of use of money rightfully his between accrual of his claim and judgment," the deprivation of interest is a consequential injury. 470 P.2d at 273 n.27. This thought was explicitly recognized in *Davis v. Chism*, 513 P.2d 475, 480–81 (Alaska 1973), where we held that prejudgment interest is compensation and not a cost of litigation.

### Prejudgment Interest

With these principles in mind, we first turn to our decision in *Farnsworth I,*

601 P.2d 266. We now see that our inclusion of prejudgment interest as Rule 68 "costs" to be denied the plaintiff-offeree, *id.* at 272, was incorrect. The essential purpose of interest is compensation for the time that the judgment creditor has been "less than whole." *Davis*, 513 P.2d at 481. Since interest is not "costs," a successful Rule 68 offer of judgment does not terminate the running of interest.[5]

It is only when such an award would do an injustice that it should be denied. *Phillips*, 470 P.2d at 274. We have observed that such an injustice would occur "in only the most unusual case," *Davis*, 513 P.2d at 481, and that even a lengthy delay attributable to the plaintiff is not an occasion for such denial. *Beech*, 558 P.2d at 887–88. Since an award of interest is not a penalty but compensation, fault for the delay between the injuring event and payment of consequential damages is irrelevant.[6] The only ground for denial we have so far recognized has been double recovery. *Haskins v. Shelden*, 558 P.2d 487, 494–95 (Alaska 1976); *Beech*, 558 P.2d at 888 & n.31; *Anchorage Asphalt Paving Co. v. Lewis*, 629 P.2d 65, 70 (Alaska 1981).

The real question in awarding interest to a judgment creditor is whether the debtor has had use of money for a period of time when the creditor was actually entitled to it. *Beech*, 558 P.2d at 888. Since

3. This principle was made subject to the qualification, "unless for some reason peculiar to an individual case such an award of interest would do an injustice." *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970). We find such injustice, however, only in the most unusual case and not merely for delays caused by the judgment creditor. *Beech Aircraft Corp. v. Harvey*, 558 P.2d 879, 888 (Alaska 1976); *Haskins v. Shelden*, 558 P.2d 487, 494–95 (Alaska 1976).

4. Indeed, the 1965 legislative amendment of AS 09.50.280 which served as a basis for *Phillips'* recognition of prejudgment interest, modified a statute which actually only applied to actions against the state. *Phillips*, 470 P.2d at 272–74.

5. *Continental Insurance Co. v. United States Fidelity and Guaranty Co.*, 552 P.2d 1122, 1129–30 (Alaska 1976) makes such denial of prejudgment interest between a successful Rule

68 offer and judgment a matter of discretion for the trial judge. *Farnsworth I* may have relied upon *Continental* on this point although it cited no authority. In any case, we now disapprove *Continental* and overrule *Farnsworth I* on their denial of prejudgment interest. Interest, prejudgment or postjudgment, is not a "cost" of litigation but rather part of the compensation for the injury. *Davis*, 513 P.2d at 480–81. Since prejudgment interest is not a "cost ... incurred after the making of the offer," Alaska R.Civ.P. 68, it cannot be lost by an offeree under Rule 68.

6. As we said in *North Slope Borough v. Sohio Petroleum Corp.*, 585 P.2d 534, 546 (Alaska 1978): "[I]nterest stands on a different footing. It is nonpejorative."

prejudgment interest is not "costs" and Farnsworth had no double recovery, no portion of his prejudgment interest should have been denied.

### Postjudgment Interest

■ We turn now to the issue of postjudgment interest. Appellee Steiner argues that since appellant Farnsworth is responsible for the delay in payment by bringing an appeal later found to lack merit, the appellant should not receive interest for the period that payment was delayed on account of the appeal.[7] Many jurisdictions have adopted this view. Annot., 15 A.L.R.3d 411, 415 (1967).

■ We cannot agree with this position. Since, in Alaska, we view interest on damage awards to be a form of compensation for the period that the plaintiff remains "less than whole," we do not consider responsibility for a delay of payment as a factor in making an interest award. We have explicitly made this point with regard to prejudgment interest, *Beech*, 558 P.2d at 888, and we see no reason to distinguish postjudgment interest on this issue.

■ Interest is not a penalty but simply a charge for the use of money. Since appellee had the use of money to which appellant was entitled during the pendency of the first appeal, he is charged interest for that use. This is hardly an injustice. *Beech*, 558 P.2d at 888; *Haskins*, 558 P.2d at 494–95. Farnsworth was not achieving a double recovery but merely exercising his statutory right of appeal. AS 22.05.010. For us to rule otherwise would amount to awarding Steiner the free use of Farnsworth's money and also impose a "chilling effect" upon a judgment creditor's right to appeal an award he feels is not entirely adequate.

We vacate the amended judgment insofar as it denies Farnsworth any part of his rightful prejudgment and post-judgment interest and remand for entry of a new judgment including full prejudgment and postjudgment interest. We also vacate and remand the attorney's fees award so that it can reflect the new judgment in the sense that a Civil Rule 82 "money judgment" should include prejudgment interest as well as the amount awarded in the trial verdict. *City and Borough of Juneau v. Commercial Union Insurance Co.*, 598 P.2d 957, 959–60 (Alaska 1979).

REVERSED in part and REMANDED.

RABINOWITZ, Chief Justice, dissenting in part.

I disagree with the court's treatment of prejudgment interest. The issue of prejudgment interest was disposed of by this court in the initial appeal in this case. *See Farnsworth v. Steiner*, 601 P.2d 266, 272 (Alaska 1979).[1] Subsequent to the issuance of our mandate in the first appeal the superior court modified its judgment as it pertained to prejudgment interest.

Normally, "the law of the case" doctrine would preclude this court from modifying its earlier holding as to prejudgment interest. As Professor Moore notes:

> When ... a federal court enunciates a rule of law to be applied in the case at bar it not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but, as a general proposition, it establishes the law, which other courts owing obedience to it *must*, and which it itself will, normally apply to the

---

7. Steiner alternatively argues that on account of the successful Civil Rule 68 offer of judgment, no interest should be awarded Farnsworth until a final judgment following the appeal; and also that Steiner's tender of judgment tolled postjudgment interest. We find no merit to either contention. Interest on a money judgment is fundamentally not costs, a penalty or an incentive. It is compensation for the time value of money that is due the judgment creditor.

1. There we held in part:
   > However, under Rule 68, a party who is successful at trial but who rejected an offer of judgment which exceeded his trial recovery, is permitted to recover expenses and fees— including prejudgment interest—only from the date that the cause of action accrues, to the date of the rejected offer of judgment. *Farnsworth v. Steiner*, 601 P.2d 266, 272 (Alaska 1979) (footnote omitted).

same issues in subsequent proceedings in that case.

1B J. Moore & T. Currier, Moore's Federal Practice ¶ 0.404[1], at 402–03 (1980) (footnotes omitted). The author goes on to observe that "when a federal appellate court has established a rule of law for the case at bar it will not, on a successive appeal, depart therefrom in deciding the same issues, except for cogent reasons." [2] *Id.* ¶ 0.404[10], at 573. In my view the majority has not articulated "cogent reasons" for departing from its prior holding in this case. Therefore, I believe that the majority's holding in regard to prejudgment interest is improper in light of the law of the case doctrine.

Even if the majority's treatment of the prejudgment interest issue were compatible with the law of the case, Alaska R.App.P. 210(e) would preclude it. Appellant did not raise the prejudgment interest issue in his points on appeal, and Rule 210(e) states that this court "will consider nothing but the points so stated." Relaxation of that rule is appropriate only when "strict adherence" to it "will work surprise or injustice." Alaska R.App.P. 521. In my opinion it would not be reasonable to relax Rule 210(e) under the present circumstances. Even if, as *Orbeck v. Wheeler Construction Co.*, 394 P.2d 781, 783 (Alaska 1964) suggests, a finding of plain error by this court is sufficient to justify relaxation of the rule in a civil case, here I think it would be highly inappropriate to resort to a plain error approach. Only by doing violence to the appellate process can this court conclude that the superior court committed plain error when it obeyed our prior mandate as to prejudgment interest.

**2.** Moore describes the policies underlying the doctrine as follows:

> The general American doctrine is that a court is not inexorably bound by its own precedents, but in the interests of uniformity of treatment to litigants, and of stability and certainty in the law will follow the relevant rule of law which it has established in earlier cases, unless clearly convinced that the legal rule was originally erroneous or is no longer sound because of changed conditions and

that more good than harm would come by departing from precedent. These same principles should, and in the main do, determine the doctrine of the law of the case for the federal courts. And they apply in probably most state courts, although some state courts apply the doctrine rigidly in a manner approximating res judicata.

1B J. Moore & T. Currier, Moore's Federal Practice ¶ 0.404[1], at 401–02 (1980) (footnotes omitted).