Joyce E. MORRIS, Appellant,

v.

Raymond L. MORRIS, Appellee.

No. S–1063.

Supreme Court of Alaska.

Sept. 12, 1986.

Max F. Gruenberg, Jr., and Joan M. Clover, Gruenberg & Clover, Anchorage, for appellant.

Terry C. Aglietti and Mark C. Rausch, Aglietti, Pennington & Rodey, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This case presents the question of whether a trial court has discretion to award prejudgment interest, at the rate set by AS 45.45.010(a),[1] to the party to whom money is due in the context of a divorce proceeding. Superior Court Judge Victor Carlson

found that prejudgment interest was inappropriate in such cases. The court concluded that divorces involve an equitable property division, not an award of damages "due" to one party. We reverse and remand for a determination of whether prejudgment interest should have been awarded in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Joyce and Raymond Morris were married on May 14, 1982. On May 23, 1983, Raymond filed for divorce.[2] The marital property consisted entirely of cash, stocks, bonds and each party's pension increases.

After the trial, the special master divided the marital property in accordance with the doctrine of "equitable divorce."[3] She based the division on the value of the property at the time Raymond filed for divorce. The master's report directed Raymond to pay Joyce $9,775.60 as her share of the marital estate. Joyce requested prejudgment interest, pursuant to AS 45.45.010(a), on that amount computed from May 23, 1983 until the money was paid to her. The master denied her request, and Judge Carlson overruled Joyce's objections. The court held that prejudgment interest was inappropriate in divorce proceedings. It then adopted the master's report. On August 31, 1984, Raymond paid Joyce the $9,775.60 without interest. Approximately one week later, Judge Carlson entered the final judgment of divorce.[4]

## DISCUSSION

Joyce argues that her share of the estate was "due" on the date Robert filed for divorce, because the court chose to use that date in valuing the marital property. She asserts that since the marriage was no

---

1. AS 45.45.010(a) provides:
 The rate of interest in the state is 10.5 percent a year and no more on money after it is due except as provided in (b) of this section.

2. No children were born during the marriage.

3. *See infra* notes 4 and 5.

4. We express no opinion in this case regarding the propriety of the trial court's application of the "equitable divorce" doctrine. The parties do not appeal that issue, and we find no per se abuse of discretion. *See Burcell v. Burcell,* 713 P.2d 802, 805 (Alaska 1986); *Hunt v. Hunt,* 698 P.2d 1168, 1172 (Alaska 1985).

longer viable at that time,[5] she was Raymond's creditor as of then. She contends that she is entitled to prejudgment interest to reflect the fifteen month delay that occurred between the date the action was filed (May 23, 1983) and the time the money was actually paid to her (August 31, 1984). Raymond, however, argues that judicial discretion should control. He maintains that divorces involve neither money judgments nor money that is due, and the superior court was simply exercising its discretion in refusing to award prejudgment interest.

Alaska Statute 25.24.160(4) provides that in a divorce proceeding, a trial court may divide marital property "in the manner as may be just." The division of property in a divorce proceeding is within the broad discretion of the trial court. *Burcell v. Burcell*, 713 P.2d 802, 804 (Alaska 1986); *Hunt v. Hunt*, 698 P.2d 1168 (Alaska 1985). We will not disturb the trial court's discretionary property division unless it is clearly unjust. *Burcell*, 713 P.2d at 804; *Hunt*, 698 P.2d at 1171.

In determining whether the court could have ordered prejudgment interest paid in the instant case, we must consider the principles for awarding such interest. Prejudgment interest is awarded because "money awarded for any reason is worth less the later it is received." *State v. Phillips*, 470 P.2d 266, 273 (Alaska 1970). In *Bevins v. Peoples Bank & Trust*, 671 P.2d 875, 881 (Alaska 1983), we stated:

> The purpose of awarding prejudgment interest is not to penalize the losing party, but rather to compensate the successful claimant for losing the use of the money between the date he or she was entitled to it and the date of judgment. A corollary purpose is to prevent the judgment debtor from being unjustly enriched by the use of that money.

Furthermore, prejudgment interest is intended to eliminate the incentives to litigate a case or prolong a judgment.[6] *Phillips*, 470 P.2d at 274.

Alaska cases which discuss prejudgment interest are predominantly tort or contract cases, where the defendant must pay such interest on the damages from the time that the cause of action arose until entry of judgment. *See, e.g., Farnsworth v. Steiner*, 638 P.2d 181 (Alaska 1981) (personal injury action); *Phillips*, 470 P.2d 266 (Alaska 1970) (wrongful death action).

Under *Phillips* and *Farnsworth*, "the injured party becomes immediately entitled to be made whole, and the amount later adjudicated as damages becomes *due*. Therefore, '[a]ll damages ... should carry interest from the time the cause of action accrues.'" *Farnsworth*, 638 P.2d at 183–84 (citing *Phillips*, 470 P.2d at 274). In contract actions, rights to prejudgment interest generally arise on the date of breach. In tort actions, they arise on the date of injury.

In *Phillips*, we afforded parties a right to prejudgment interest in actions against the state. In *Farnsworth* we then expanded our decision to cover other civil cases. Under *Farnsworth*, a court may award prejudgment interest, at the rate set by AS 45.45.010(a),[7] from the date the plaintiff was entitled to the use of that amount from ... [a certain date], and the use of that money has real economic value, of which the plaintiff has been deprived. In this sense, prejudgment interest is necessary to compensate the plaintiff, not only for the amount by which he has suffered damages in the usual sense *but also for the loss of use of the money to which he has been entitled.* (Emphasis added).

---

5. In discussing equitable divorce, we have said:
 The doctrine essentially provides that, where there is clear and unequivocal evidence that at a particular point prior to divorce the parties' marriage is no longer viable, identification of marital assets for the purposes of property division will be made as of that time rather than as of the date of divorce.
 *Bussell v. Bussell*, 623 P.2d 1221, 1223 (Alaska 1981) (footnote omitted).

6. In *Davis v. Chism*, 513 P.2d 475, 481 (Alaska 1973), we stated:

7. Currently, AS 45.45.010(a) sets a 10.5 percent a year rate on the prejudgment interest.

cause of action arose.[8] In these decisions, one party had the use of money which rightfully belonged to the other. "The real question in awarding interest to a judgment creditor is whether the debtor has had use of money for a period of time when the creditor was actually entitled to it." *Farnsworth*, 638 P.2d at 184.

We find nothing in either prior case law or AS 45.45.010(a) that prohibits awarding prejudgment interest in certain divorce cases. We realize that there is no typical "cause of action" in a divorce proceeding like there is in a contract or tort action. Furthermore, we recognize that a divorce proceeding should not produce winners or losers and that a division of marital property generally is not viewed as a damage award for or against either party. However, the basic principles behind prejudgment interest remain applicable. In divorce cases, a judge has discretion in choosing a reasonable date to value the marital property. *See Hunt v. Hunt*, 698 P.2d 1168, 1172 (Alaska 1985). The court also should have discretion to award prejudgment interest from that date, if one partner in the marriage had use of money or other property for a period when the other partner was actually entitled to it. *Cf. Farnsworth*, 638 P.2d at 184.

Given the highly discretionary nature of property division cases, we hold that a trial court may award prejudgment interest in divorce proceedings.[9] It is not required, however, and interest should not be awarded where it "would do an injustice." *Anchorage Asphalt Paving v. Lewis*, 629 P.2d

65, 70 (Alaska 1981); *Phillips*, 470 P.2d at 274. The trial court should consider the facts of each particular case.[10] A party in a divorce proceeding is not "entitled" to such interest in every case, because the trial court must have broad discretion to determine the most equitable distribution of marital property under the particular circumstances.[11]

In this case, the trial court chose to value the parties' property on May 23, 1983, the date Robert filed for divorce and the court determined the marriage was no longer viable. Under the circumstances of this case, Joyce's share of the marital estate then became "due." Interest, therefore, should accrue from that date, if the trial court determines that it would be just to make such an award.

We REVERSE the trial court's ruling that prejudgment interest is inapplicable in all divorce cases. We REMAND for a determination of whether Raymond should have paid Joyce prejudgment interest in this case.

8. Ordinarily, a party recovering damages has a right to prejudgment interest. In *Farnsworth*, we stated:
 It is only when such an award would do an injustice that [prejudgment interest] should be denied. We have observed that such an injustice would occur "in only the most unusual case."
 638 P.2d at 184 (citation omitted).

9. In this case, the trial court never exercised its discretion, because it concluded that prior case law should not be expanded to cover divorce proceedings.

10. In exercising its discretion, the court may take into account such factors as the length of the separation, the time between the equitable divorce date and the final judgment, the amount of potential interest, whether the marital property itself earned interest during the separation, whether there was undue delay in bringing about the final judgment, and anything else it deems important.

11. In a case where the asset is entirely cash, prejudgment interest seems particularly appropriate.