31 So.3d 191 (2009)
Angela SULLIVAN, Appellant,
v.
Richard SULLIVAN, Appellee.
No. 4D08-1087.
District Court of Appeal of Florida, Fourth District.
December 16, 2009.
Order Denying Rehearing March 17, 2010.
Kristen A. Floyd and Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellant.
Ralph T. White of Schutz & White, L.L.P., West Palm Beach, for appellee.
FARMER, J.
In this dissolution of marriage action, where the marital assets exceed $26 million, we affirm on all issues except as to the amount of an equalization payment prescribed in the final judgment.
While the action was pending, each party received advances against equitable distribution: he, $1,705,504; she, $1,603,610. The parties agree that there is an error in factoring the advances into the final distribution because the total marital assets were fully accounted for in the distributionthat she should not also have been given a credit for the difference in the amounts of the advances. They disagree as to the solution. He argues that the credit should simply be eliminated. She argues that the advances should be taken out of the calculation.
Because the advances were in all events part of the marital estate, the court correctly accounted for them in the equalization process. We agree with him that the credit of $101,894 should be eliminated. On remand, the court shall reduce the equalization payment from $1,450,006 to $1,348,112.
In all other respects, the final judgment is affirmed.
WARNER and LEVINE, JJ., concur.
PER CURIAM.
The motion for rehearing is denied.
*192 FARMER and LEVINE, JJ., concur.
WARNER, J., dissents with opinion.
WARNER, J., dissenting with opinion.
On motion for rehearing, the husband points out an issue which we did not address, namely the trial court's award of prejudgment interest on the equalizing payment made to effect equitable distribution in this case. I agree not only that we should address the award of prejudgment interest, but also that we should reverse on this issue.
The valuation date of the marital assets was disputed at the final hearing. The wife sought to have the assets valued as of the date of filing of the petition, and the husband sought to value them at the date of final judgment. The court determined that the assets should be valued as of the date of the final judgment and adopted, with some changes, the schedule presented by the husband as to the value of the assets. Based upon those values and how the assets were distributed, the husband owed the wife a substantial equalizing payment as of the date of the final judgment. The court awarded prejudgment interest on the equalizing payment, commencing on the date of the filing of the petition, citing Catalfumo v. Catalfumo, 704 So.2d 1095 (Fla. 4th DCA 1997).
In Catalfumo we held that where a trial court selects the date of the petition for dissolution, rather than the trial date, as the valuation date for marital assets, the court abuses its discretion in failing to award prejudgment interest from the date of filing of the petition, where the husband had use and benefit of the wife's share of the assets during the divorce proceedings. We agreed with Morris v. Morris, 724 P.2d 527 (Alaska 1986), that an award of prejudgment interest in a divorce proceeding "is not to penalize the losing party, but rather to compensate the successful claimant for losing the use of the money between the date he or she was entitled to it and the date of judgment. A corollary purpose is to prevent the judgment debtor from being unjustly enriched by the use of that money." Id. at 529. See also Mathers v. Brown, 21 So.3d 834 (Fla. 4th DCA 2009).
Morris, however, also involved a dissolution where the court valued the assets as of the date of the filing. In fact, noting that in divorce cases a trial judge has discretion in choosing a reasonable date to value marital property, the Morris court explained that "[t]he court also should have discretion to award prejudgment interest from that date, if one partner in the marriage had use of money or other property for a period when the other partner was actually entitled to it." Morris, 724 P.2d at 530 (emphasis supplied). In so finding, the court noted that it was applying the same prejudgment interest principles from other types of proceedings. Id.
Here, the court valued the assets as of the final judgment date. The trial evidence also showed that the parties had use of the marital assets. During the proceedings on this very substantial marital estate, the husband actually distributed millions of dollars to the wife as part of her share of the equitable distribution. She had use of other assets of the estate. Although the wife complained of dissipation of the marital estate by the husband, the trial court found only $38,000 of dissipation and credited $19,000 "in the wife's column." That amount was insignificant considering the substantial size of the marital estate.
Based upon the principles of Morris that we adopted in Catalfumo, the trial court abused its discretion in providing prejudgment interest on the equalizing payment from the date of the filing of the petition, where the court valued and distributed the *193 marital assets as of the date of the final judgment. I would grant the rehearing on this issue and reverse and remand to eliminate that portion of the final judgment.