NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JOSHUA RASMUSSEN, | ) | |
| | ) | Supreme Court No. S-15460 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-11143 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| SEVILLE RASMUSSEN, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1533 – March 18, 2015 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Catherine M. Easter, Judge.

Appearances: Joshua Rasmussen, pro se, New Bern, North Carolina, Appellant. Seville Rasmussen, pro se, Eagle River, Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I. INTRODUCTION

After a divorce trial the husband received the majority of the marital property, the wife received the majority of the marital debt, and the husband was ordered to make a lump sum equalization payment. The husband appeals, alleging errors in the property division. He also argues that the superior court should have allowed him to pay the equalization payment in interest-free installments. But the husband waived his property division claim by failing to object at trial, and we see no abuse of discretion in the court's equalization payment order. We therefore affirm.

---

\* Entered under Alaska Appellate Rule 214.

## II.    FACTS AND PROCEEDINGS

Joshua Rasmussen and Seville Rasmussen were married in 2005 and have one child.  They separated in March 2012 and Seville filed for divorce in November 2012.  Trial was held in August 2013.  Both child custody and property division were determined at trial.

Before trial the parties agreed to the division of most assets and debts based on a spreadsheet prepared by Seville and her attorney.  Joshua's attorney did not object to the use of Seville's spreadsheet at trial.  The parties went through the spreadsheet line by line, agreed on the value and distribution of most items, and consented to an informal auction to dispose of the remaining items.

Joshua was awarded $6,271 in marital property and Seville was awarded $2,314. Joshua was apportioned $2,472.21 in debt and Seville was apportioned $12,460.50. The parties also agreed to share some post-separation child care and living expenses.  Joshua agreed to pay Seville $4,953.25 for his half of these post-separation expenses.

A decree of divorce was entered in November 2013.  The court also entered a separate judgment requiring Joshua to make an equalization payment of $12,074.30 plus interest.  Joshua now appeals.

## III.    STANDARD OF REVIEW

"The equitable division of marital assets involves three steps: (1) determining what property is available for distribution, (2) finding the value of the property, and (3) dividing the property equitably."[1]  Under step one, "we review the

---

[1]     *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (citing *Beals v. Beals*, 303 P.3d 453, 459 (Alaska 2013)).

underlying factual findings . . . for clear error."[2]  We review de novo "[w]hether the trial court applied the correct legal rule in exercising its discretion."[3]  Step two, the valuation of property, "is a factual determination that we review for clear error."[4]  We review the equitable allocation of property for abuse of discretion.[5]  We also review the decision whether to award prejudgment interest, as well as interest on the judgment, for abuse of discretion.[6]

## IV.  DISCUSSION

### A.  Joshua Has Waived His Objections To The Property Division.

Joshua contends that several items of marital property were omitted from the spreadsheet, including a chair-and-table set, a grill, speakers, an amplifier, motorcycle stands, and a motorcycle helmet.  He also claims that several items of his separate property were erroneously incorporated in the judgment, including a basket, a laundry hamper, a magazine rack, an oak stand, and a television.  Joshua also alleges Seville is in possession of a kaleidoscope that is his separate property and refuses to return it.

But Joshua's attorney did not raise any of these issues at trial.  Joshua and his attorney had ample opportunity to view Seville's spreadsheet of assets and debts, and the record does not indicate that Joshua ever produced an alternative spreadsheet.

---

[2]  *Id*. (alteration omitted) (internal quotation marks omitted).

[3]  *Id*. (internal quotation marks omitted).

[4]  *Id*.

[5]  *Id*.

[6]  *Heustess v. Kelley-Heustess*, 259 P.3d 462, 475 (Alaska 2011) (prejudgment interest); *Dixon v. Dixon*, 747 P.2d 1169, 1171-72 (Alaska 1987) (interest on the judgment).

Seville's spreadsheet was discussed in detail at trial, providing Joshua's attorney the opportunity to argue that marital property was omitted or separate property included. Joshua was present at trial, observed the proceedings, and had the opportunity to converse with his attorney. We therefore conclude that Joshua has waived his objections regarding these items because he failed to raise them with the superior court.[7]

## B. The Interest Award Was Not An Abuse Of Discretion.

The superior court has the discretion to award prejudgment interest in a divorce case "if one partner in the marriage had the use of money or other property for a period when the other partner was actually entitled to it."[8] Likewise, the superior court has the discretion to grant, delay, or deny an award of interest on the judgment.[9] This interest is allowed to compensate Seville for her inability to use the full value of her distribution until the judgment is paid. Although Joshua claims he cannot afford to pay the interest on the equalization payment, he provides no argument for why the award itself was unreasonable. We thus conclude that the court did not abuse its discretion by requiring him to pay this interest.

We also note that if Joshua faces an execution on his property, he will be entitled to the protection of the Alaska Exemptions Act.[10] This Act is intended "to afford to a judgment debtor adequate protection of his personal property and income necessary to provide for his own needs and the needs of his dependents while remaining

---

[7] *See Rodvik v. Rodvik*, 151 P.3d 338, 345 (Alaska 2006) (citing *Lee v. State*, 141 P.3d 342, 352 (Alaska 2006)).

[8] *Morris v. Morris*, 724 P.2d 527, 530 (Alaska 1986).

[9] *Dixon*, 747 P.2d at 1171-72.

[10] AS 09.38.010-.510.

independent of further public assistance."[11]  For example, the Exemptions Act exempts from execution net earnings of up to $350 per week[12] and liquid assets of up to $1,400 in any month.[13]  The Exemptions Act will ensure that Joshua will retain sufficient property and income to meet his basic needs if Seville executes on the judgment.

## C.    The Superior Court Was Not Required To Order Installment Payments.

Joshua seeks to make the equalization payment required by the judgment through an interest-free installment plan rather than a lump sum payment.  The divorce judgment statute specifically provides for the payment of child support and spousal maintenance in periodic installments.[14]  But the statute does not require installment payments as part of the division of the marital estate.[15]

The parties did not brief the question of whether the superior court has the discretion to provide for a property division to be completed by installment payments.  But we do not need to decide that question in this case.  The record is clear that Joshua has retained the majority of the property acquired by the parties, and Seville has been required to pay the majority of the marital debt.  We see no abuse of discretion in the court's decision to require Joshua to make a lump sum payment to equalize the property division.

---

[11]    *Anderson v. Anderson*, 736 P.2d 320, 322-23 (Alaska 1987) (quoting ch. 62, § 1, SLA 1982).

[12]    AS 09.38.030(a).

[13]    AS 09.38.030(b).

[14]    AS 25.24.160(a)(1), (2).

[15]    AS 25.24.160(a)(4).

# V. CONCLUSION

We AFFIRM the superior court's judgment.